UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

     Plaintiff,

vs.                             Case No.

SANDS RESORT & MARINA LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SANDS RESORT & MARINA LLC, a Florida Limited Liability Company, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq.* ("ADA").

1.     Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm.

2.     Defendant's property, the Sands Harbor Resort & Marina, is located at 125 N. Riverside Drive, Pompano Beach, FL 33062, in the County of Broward.

3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

4.     The Defendant's property is located in and does business within this judicial district.

5.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

6.      Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7.      Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8.      Mr. Betancourt regularly drives to South Florida from Michigan, where he resides.  While driving from Michigan to South Florida, Mr. Betancourt regularly visits Pompano Beach along his route to South Florida for vacations and to enjoy the area's special beauty, including the shops and cultural venues and events offered generally.  He also enjoys Pompano Beach's beautiful beaches.  He has friends and relatives in the nearby areas.  His cousin, who he wants to visit, lives nearby and he also has many relatives and friends (including former Marines) in the Miami and Fort Lauderdale areas.

9.      Mr. Betancourt stayed as a hotel guest at the subject property on July 25, 2022 which visit forms the basis of this lawsuit.

10.     Mr. Betancourt plans to return to the subject hotel from January 12 through January 13, 2023, providing it is made accessible for his use to avail himself of the goods and services at the property, and to confirm the property is brought into compliance with the ADA.

11.     Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, the Fort Lauderdale area in particular.

12.     The barriers to access at the subject property have endangered his safety.

13.     Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

2

36.201(a) and 36.104.

14.     Defendant is responsible for complying with the obligations of the ADA.

15.     The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Sands Harbor Resort & Marina, and is located at 125 N. Riverside Drive, Pompano Beach, FL  33062.

16.     Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

17.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18.     Mr. Betancourt desires to visit The Sands Harbor Resort & Marina, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19.     The Defendant has discriminated against the Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

20.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21.     A preliminary inspection of The Sands Harbor Resort & Marina has shown that violations exist.

**Accessible Parking**

a.      The sign identifying the accessible parking on the north side of the facility is less than 60 inches above the ground making it difficult for the plaintiff to see, in violation of Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Routes**

b.      The slope of the ramp exceeds the maximum running slope allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

c.      There are no handrails extensions provided at the bottom or the top of the ramp making it difficult for the plaintiff to utilize, in violation of Sections 505.10.1, 505.10.2, and 505.10.3 of the 2010 ADA Standards, whose resolution is readily achievable.

d.      The slope of the ramp leading into the north side of the facility exceeds the maximum allowed making it for the plaintiff to utilize, in violation of Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

e.      There are no handrails on both sides of the ramp leading into the north side of the facility making it for the plaintiff to utilize, in violation of section 505.2 of the 2010 ADA Standards, whose resolution is readily achievable.

f.      The main lobby entrance does not provide informational or directional signage with the International Symbol of Accessibility (ISA) making it difficult for the plaintiff to identify the accessible entrance, in violation of sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common Lobby Area**

g.      The service counter exceeds the maximum height requirement of 36 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 904.4.1 and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Guestrooms**

h.      The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

**Guestroom 707**

i.      The door's locking mechanism and security latch lock exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

j.      There is a vertical change in level greater than ¼ inch at the balcony door making it difficult for the plaintiff to utilize the balcony, in violation of Section 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

k.      The height of the iron in the closet exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

l.      The curtain rod exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

m.      The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

n.      The rear wall grab bar is not positioned 12 inches from the centerline of the water closet on one side and 24 inches on the other side making it difficult for the plaintiff to utilize, in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

o.      The toilet does not have 56 inches of perpendicular clearance from the real wall as required making it difficult for the plaintiff to utilize the toilet, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

p.      The controls and shower spray unit are not in the compliant location in the transfer type shower compartment making it difficult for the plaintiff to utilize the shower, in violation of section 608.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

q.      The bathroom door does not provide 18 inches of latch side clearance parallel to the doorway making it difficult for the plaintiff to utilize, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

r.      The size of the grab bar on the back wall of the transfer type shower compartment exceeds 18 inches making it difficult for the plaintiff to utilize, in violation of section 608.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Maintenance**

s.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**Policies and Procedures**

t.      Failure to maintain policies to ensure the facility remains accessible at all times.

22.      All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

23.      The discriminatory violations described in Paragraph 21. above are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24.      Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of

42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

26.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

27.     Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29.     Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the The Sands Harbor Resort & Marina to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

30.     A PACER search has shown that prior ADA lawsuits were filed.  The attorneys involved have been contacted.  However, no relevant information has been received.

   **WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B.     Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.       An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D.       Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

E.       The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Dated:  September 6, 2022                   Respectfully submitted,


                                            */s/  John P. Fuller*
                                            John P. Fuller, Esq.
                                            Florida Bar No. 0276847
                                            FULLER, FULLER & ASSOCIATES, P.A.
                                            12000 Biscayne Blvd., Suite 502
                                            North Miami, FL 33181
                                            (305) 891-5199
                                            (305) 893-9505 – Facsimile
                                            jpf@fullerfuller.com
                                            jpfuller17@gmail.com

                                            *Counsel for Plaintiff Rudolph Betancourt*